We'll now move to Appeal 20-2145 United States v. Byron Blake. These two advocates are appearing remotely. Mr. Petro, can you hear me? I can. Good morning, Judge Brennan. It's good to see you. Good morning. Judge Jackson. Mr. Dean, can you hear me? I can, Judge. Very good. We're going to proceed, therefore, with argument from the appellant. Mr. Petro, I'll recognize you first. I forgot to say good morning to Judge Scudder, but thank you, Judge. May it please the Court. I just want to start my argument with a quote from the Memorandum of Opinion and Order. And the quote is, The District Court does not find it sensible to step into the mire of drug quantities in this case, which has already proven to be a hazardous endeavor. This statement is proof certain that the District Court committed reverse procedural error. Failure to properly calculate and consider the United States sentencing guidelines is reversible procedural error. As a starting point, the Fair Step Act requires complete review. What is the process for complete review? Whether the District Court committed procedural error is a question of law that is reviewed de novo by the Seventh Circuit. But complete review comes from Gaul, actually. And in Gaul, it says, We must first ensure that the District Court committed no significant procedural error, such as incorrectly calculating the guidelines range, failure to consider the Section 3553A factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence at all. This particular case fails procedurally because the District Court does not give an explanation for why they chose to give the sentence that they did. In this particular case, Fair Step 1 for procedural review, as a starting point in a drug case, the most important calculation is the drug quantity must be correctly calculated. And failure to do that by itself is enough to make this reverse procedural error. The government concedes that no drug quantity was calculated in their brief, and they say specifically Blake is correct that the District Court made no definitive determination as to drug quantity. But the drug quantity calculation was so important here because the District Court back in 2007 made one calculation. That was appealed. And because of the guidelines at the particular time, the Seventh Circuit said that there's possibly another calculation. And then Blake also provides a third calculation for what the appropriate drug quantity is in this particular case. So although it may be inconvenient, or it may be difficult for the court, or it is sensible because that's what the law requires. You have to determine the drug quantity. And based on that and that alone, we need a new sentencing hearing for Blake. The second thing is, is I call it a complete review procedural Fair Step 2. You have to explicitly address the changed statutory penalties. And in this particular case, depending on who you believe, the first sentencing in 2007, it could be either a 10-year mandatory minimum, a 15-year mandatory minimum under the Fair Step Act. But at the time of Blake's original sentencing, the judge operated on the condition that it was a 20-year statutory mandatory minimum. So if you look at the recent cases in the Seventh Circuit, Corner is really right on point here. They seem to suggest that it's per se reversible error not to somehow take into account these statutory mandatory minimums. So I would just say, quoting from Corner, Fair Step complete review suggests a baseline process that includes accurate comparison of the statutory penalties and any resulting change to the sentencing parameters as they existed at the time of the original sentencing and as they presently exist. Mr. Petro, let me ask you a question. I'm sorry for interrupting your thought. That's OK, sir. Does the doctrine it's intended to be a legal question, not so much a question about these particular facts. Does the doctrine of harmless error have any role to play in a circumstance involving a drug quantity finding, in your view? In other words, if a district court did not do what you just articulated, is there any circumstance, hypothetically speaking, where that error could be harmless? No. And I will tell you why. It's gall. Gall makes it structural error, procedural error, structural error. It's the same thing. It so infects the process that you can't possibly have a sentencing hearing where a drug quantity is not calculated. Now, if you're talking about us. I guess I'm going on this. Your question seems to suggest any circumstance involving any calculation in this particular case. It's so bad because there is no calculation. And it's the key issue for sentencing in this particular case. But I would argue that to not do a drug quantity calculation is structural error, judge, and it requires a new sentencing hearing just based on that. And I use structural and procedural interchangeably. The final thing that I just want to briefly state here, the district court failed to state the statutory minimum and maximum sentences based on this error alone. And, you know, this bare bones type of reasoning, it fails. And, you know, bare bones explanations have been found by this court to amount to no exercise of discretion at all. And a district court non-exercise of discretion is by itself an abuse of discretion. So by itself, these errors are an abuse of discretion. I just want to point to one last thing briefly. I do have two minutes for rebuttal. And I forgot to check my Apple watch on this one. But the third thing is, is because of this no explanation and because they don't address this, you know, the judge may have in fact given an above guideline sentence in this particular case. And to give an above guideline sentence, depending on whether you choose Blake's calculation, the government's calculation, the first district court's calculation, and there is no calculation by our district court. We don't really know if it's a guideline sentence, a below guideline sentence, above guideline sentence. But clearly when you give an above guideline sentence, I think that there needs to be substantial, substantial documentation as to why this particular sentence is different from the usual sentence. And it deserves to be higher than the guideline sentence. And in this particular case, all the reasons that seemingly are cited by the district court are encompassed by the guidelines. So if she gave an above guideline sentence, I just think that, like I said, this is bare bones reasoning by the court. It's reversible error on its face. And the case needs to be set back to the district court, probably in front of a different judge, I would suggest to hash out these various arguments by Mr. Blake. Thank you, Mr. Petro. Mr. Dean, we'll move to you. Thank you, Your Honor. May it please the court, David Dean on behalf of the United States. District court's discretionary denial of Byron Blake's First Step Act motion for a reduced sentence be affirmed. District court considered every argument that Byron Blake actually made to the district court in favor of her reduced sentence and was informed of the changed statutory and guideline sentencing parameters under the First Step Act before it exercised its discretion to deny Mr. Blake's motion. I'd like to start by addressing the question that Judge Scudder posed to Mr. Petro, that being whether or not it can ever be harmless error for a district court to make a judgment mistake as a drug quantity. The answer to that question is obviously yes, Your Honor, because that's exactly what happened in Mr. Blake's case on direct appeal. This court determined that the district court's original drug determination of 13 kilograms is unreliable and yet affirmed the sentence because it was determined to be harmless error. Mr. Dean. Go ahead. Did she make a mistake on drug quantity or did she fail to calculate it at all? I'm talking now about the original sentencing judge, Your Honor. You made an analogy. Yes. And you said. At the point of the review of Mr. Blake's First Step Act motion, the district court did decline to resolve the disputed issue of drug quantity, which was, of course, not a problem of her own making. That's a legacy of Mr. Blake's direct appeal. But she did decline to actually resolve the issue of drug quantity. But I think, Your Honor, it's important here to note that while Mr. Petro has repeatedly analogized to original sentencing and the review of the district court's review of the First Step Act motion, and this court is often analogized, they're not interchangeable. They're not the same because the review of First Step Act motion is a purely discretionary decision, whereas the imposition of original sentence must be reviewable on appeal for substantive reasonableness. This court has never held that a First Step Act motion decision is reviewable for substantive reasonableness. And that explains why it's necessary at the time of original sentencing to make a definitive finding for a disputed issue like drug quantity because it's the guideline range which provides the baseline from which this court will then judge what substantive reasonableness is. And the greater the deviation, the greater the explanation that's necessary. Here, the only thing this court has to decide is whether or not there was an abuse of discretion. So looking at the guidelines issue, it's true the district court did not resolve the issue of drug quantity. What the district court did do was say that if the drug quantity is 13 kilograms, the guideline sentence would be 360 months to life. And if the drug quantity is 1.5 kilograms, the guideline sentence would be 292 to 365 months. That represents the entire possible spectrum of drug quantity that could possibly apply to Mr. Blake. That can't be disputed because that's what this court decided under his direct appeal. Mr. Dean, change the fact pattern a little bit, okay? Because I want to hear where you're at legally on this. And suppose the transcript read more like this. I don't know what the drug quantity was. I've looked as far as I can look. It's way too difficult to determine, and I can't do it. I've got 400 cases on my docket. What I can tell you is it doesn't matter. And the reason it doesn't matter is because of the following application of 3553A consideration. So make no mistake, I am not making a drug quantity finding. But I am making crystal clear on the record that I would deny the motion no matter what the drug quantity finding. Is that permissible legally in your view? And I ask that mindful of what we said in Korner and in Shaw. Yes. In my view, it absolutely would be appropriate, Your Honor. And to be clear, I'm talking about review of a first step back motion. I know. It's not original sentencing. Right. But at review of a first step back motion, at minimum, under the express logic of Korner, which does say that harmless error is possible in the first step back context, the question would be whether it's clear from the record that the district court didn't rely on any procedural error in reaching its outcome. So even if, without conceding, but even if it would be procedural error to say, I don't know, I won't resolve this issue, as long as it's clear from the record that the district court didn't rely on that error in reaching its ultimate outcome, Korner itself says that would be harmless error. And, Your Honor, I think your hypothetical, frankly, is exactly what happened in this case. The district court recognized that the drug quantity was going to be a tricky and disputed issue. And then rather than resolve it, instead resolved it, made its determination based on the weighing of the 3553A factors. What do you make of the language, though, that says in Korner where, quote, we conclude that a district court's discretionary determination whether to grant a petitioner's motion for reduced sentence under the first step back must be informed by a calculation of the new sentencing parameters, end quote. Well, I think that that language flows directly from the text of the First Step Act, Your Honor, which says that at review of the First Step Act, the district court imposes a sentence as if the provisions of the Fair Sentencing Act, sections two and three, were already in effect at the time of sentencing. So, in other words, the First Step Act says what you can't do is not answer questions that are directly posed by the First Step Act. And that's what ultimately distinguishes this case from Korner, because in Korner, the district court declined even to make a ruling on eligibility. And eligibility under the First Step Act is clearly a question that's posed by the First Step Act itself. Here, the question that the district court chose not to resolve is the drug quantity. That has nothing to do with the First Step Act. So ultimately, I do think Korner is distinguishable in this case for at least two reasons. One is what I just stated, and that is the district court did expressly rule on eligibility in this case. Ultimately, in Korner, this court understandably decided that the court's purported alternative holding that even if the movement was eligible, he would have nevertheless declined or denied the motion was ultimately a throwaway and not well-reasoned, because he didn't even take the time to rule on eligibility. That's not the case here. Because the district court expressly found that Mr. Blake was eligible, because eligibility under the First Step Act is tied to whether or not the Fair Sentencing Act actually changes statutory penalties, we know the district court was aware the statutory penalties had changed. And this case is distinguishable from Korner because here, the district court expressly considered and addressed in its written order every argument that Mr. Blake actually made for a reduced sentence. That's, again, in direct contrast to Korner, where this court said that the district court did not address Korner's argument that he deserved a reduced sentence in light of the goals and policies of the First Step Act. Here, Mr. Blake has not pointed to a single argument that Mr. Blake actually made to the district court, whether in his written brief or in oral argument here today, has not identified a single argument that he actually made to the district court that the district court failed to consider. And as for the issue of statutory penalties, I think it's very important to note, Your Honor, that Mr. Blake did not argue that changes to his statutory minimums was a reason that the district court should reduce his sentence. And I want to be very precise here. Mr. Blake did say that he was eligible for a reduced sentence because of the changes to his statutory penalties. But the district court found that he was eligible. But he didn't argue on that second step of the analysis after eligibility, the question of whether or not the reduction should actually be given, that he should get it because the statutory minimum had changed. And I emphasize minimum because Mr. Blake's statutory maximum was not changed. But Mr. Blake didn't make the argument to the district court on that basis. And so, actually, I think it makes a lot of sense that the district court can find this discussion in the statute exclusively the question of eligibility. But does Korner require an argument? I'm looking at the language in Korner that says the district court did not analyze whether that sentence was still appropriate in light of the changed statutory penalties and corresponding effects on the sentencing guidelines. And when you take that back into earlier in Korner where it's saying the district court has to first determine the parameters of what it could do, Korner is not limiting that to the eligibility question, which, as you rightly noted, is just determined by the first step act. And Korner is not limiting that to the statutory penalties, but it's also talking about the district court's obligation to calculate the sentencing guidelines. Yes. And, Your Honor, I think if it wasn't clear from the record that the district court knew what the changed statutory penalties were, then there would definitely be a claim that that was procedure layer. Here, I think the record does show that the district court was informed of what the statutory penalties were. And the clearest way we know that is because at the time the district court decided Mr. Blake's first step act motion, there was no dispute about what those penalties were. Because after this court decided the United States to be Shaw, the government then submitted its response in opposition to Byron Blake's motion. And in that response, the government not only conceded that Mr. Blake was eligible, but actually set forth in detail exactly what the changed statutory penalties were. And there's no debate now that those statutory penalties as set forth in the government's brief were accurate and correct, because they're the exact same statutory penalties that Mr. Blake now in his appellate brief says were appropriate in this case. Let me ask you this, Mr. Dean. If the district court thought the record was too messy to calculate the guidelines, why would we be in a better position to do that? Shouldn't we have the district court make that determination in the first instance? Because a ruling by us that what the district court did, that that evidence supports drug quantity findings, that we would be making those findings. Why is that appropriate for us to do that? I'm not asking that this court make a finding of what the appropriate calculation was. I'm asking this court to recognize that the district court has already signaled, regardless of what the guideline calculation was, its intention was to deny Mr. Blake's motion based on 3553A factors. Because it's an abusive discretion standard, effectively, unless this court thinks that if the guideline sentence range was actually 292 to 365 months, and then the district court left in place Mr. Blake's existing sentence, unless that would be an abusive discretion, this court should affirm. And I see I'm out of time, so at that, the government will rest on its brief. Thank you. Thank you, Mr. Dean. Mr. Petro, rebuttal. Judge, I would just say the sole purpose of district courts, in my opinion, is to make a record for the Court of Appeals to review. What facts did the district court find so that the appellate court could be sure that the district court did a conscientious job? And Mr. Dean would like us to look at the tea leaves or the penumbra of what went on down there. But the truth is, is that we don't know what went on down there. We don't know what she considered. She seems to confuse, and a lot of people probably did at the time. The judge probably confused the granting of the motion. You know, it should be a two-step process. Are you eligible? Yes. And then go to the sentencing. It should be separated, I think, in the future to make it clearer. But the district court is just whatever they did, we could never, ever analyze the process or procedure. And that's what makes it procedural error. Failure to calculate, you know, the parameters. You know, here's what I have for my conclusions. Blake's sentence was based on parameters that no longer apply. The district court did not analyze whether that sentence was still appropriate in light of the change statutory penalties and the change sentencing guideline as the First Step Act requires. And to not make a drug quantity calculation is reversible error. And if the court does not require that, imagine what the records are going to look like for the Seventh Circuit in the future. It would be impossible to analyze and impossible to correct. Thank you, Judge. Thank you, Mr. Petro. Thank you, Mr. Dean. The case will be taken under advisement.